Electronically FILED by Superior Court of California, County of Riverside on 03/19/2026 08:31 PM
Case Number CVRI2600516 0000161334171 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

**SUM-100**

# SUMMONS for First Amended Complaint
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

ZODIAC POOL SYSTEMS LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

STEFAN GADSON-RUSH, on behalf of himself and all others similarly situated, and on behalf of the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Historic Courthouse
4050 Main Street
Riverside, CA 92501

CASE NUMBER:
*(Número del Caso):* CVRI2600516

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman, Nidah Farishta: 5743 Corsa Ave, Suite 123, Westlake Village, CA 91362; (818)293-5623

DATE: 3/19/2026 Clerk, by J Blackwell, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]




GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:

Electronically FILED by Superior Court of California, County of Riverside on 03/19/2026 06:31 PM
Case Number CVRI2600516 0000161334170 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*
Nidah Farishta, CSBN 312360
*Nidah@OLFLA.com*
**OTKUPMAN LAW FIRM, A LAW CORPORATION**
5743 Corsa Ave., Suite 123,
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorney for Plaintiff,
Stefan Gadson-Rush, on behalf of himself and all others similarly situated, and on behalf of the general public

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

STEFAN GADSON-RUSH, on behalf of himself and all others similarly situated, and on behalf of the general public,

Plaintiff,

vs.

ZODIAC POOL SYSTEMS LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive.

Defendants.

CASE NO. CVRI2600516

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**

1. **FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);**
2. **FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);**
3. **FAILURE TO PAY ALL WAGES IN VIOLATION OF (LABOR CODE §§ 510, 1194, 1194.2);**
4. **KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e), 1174(d);**
5. **FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION (LABOR CODE §§ 201-203);**
6. **FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE § 204(a)(b);**

**7. FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF (LABOR CODE § 2802);**

**8. FAILURE TO PROVIDE ONE DAY'S REST THEREFROM SEVEN IN VIOLATION OF (LABOR CODE § 551);**

**9. VIOLATION OF LABOR CODE § 212(a)(2), 213);**

**10. FAILURE TO PROVIDE SUITABLE SEATING IN VIOLATION OF LABOR CODE § 1198 AND 14(a) OF WAGE ORDER 7-2001;**

**11. FAILURE TO PAY FOR ALL HOURS WORKED, INCLUDING OVERTIME HOURS WORKED IN VIOLATION OF (LABOR CODE § 210, 218);**

**12. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200;**

**13. PENALTIES PURSUANT TO LABOR CODE SECTION 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 226.7, 512, 558, 510, 1194, 1194.2, 1194(a), 226(a),(e) 1174(d), 201-203, 204(a)(b), 2802, 551, 212(a)(2), 213, 1198, 210, 218**

**DEMAND FOR JURY TRIAL**

PLAINTIFF, Stefan Gadson-Rush ("Plaintiff"), on behalf of himself and other "aggrieved employees" complains of Defendants as follows:

## I. INTRODUCTION

1. This is a Class and Representative Action, pursuant to Code of Civil Procedure § 382 on behalf of Plaintiff and certain individuals who are employed by, or were formerly employed by, Zodiac Pool Systems LLC and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Defendants") within California.

2. For at least four (4) years prior to the filing of this action and continuing to the present (the "liability period"). Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and other California employees were further forced to keep their walkie-talkies on during their meal and rest breaks in case of emergencies or to address the needs of Defendants' personnel. Because of this, Plaintiff and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

3. Plaintiff and Defendant's California employees were required to work off the clock for Defendant. Defendant routinely made Plaintiff and its California employees undergo a COVID-19 screening process prior to the start of their scheduled shifts. When Plaintiff would arrive, he was not allowed to clock-in for the day until he passed a medical examination to screen Plaintiff for symptoms of COVID-19. The time spent undergoing the COVID-19 temperature checks and the time between completing the COVID-19 screening took Plaintiff on the average of 1 minute to complete. Moreover, Defendants routinely made Plaintiff and its California employees wait in line for the time clocks to become available to clock in. The time spent waiting in line took Plaintiff on the average of 1-2 minutes to complete. Plaintiff and Defendant's California employees were also required to use their personal cell phone for work-related activities while off the clock, such as texting/calling supervisor/boss, downloading apps such as ADP, without being compensated for it. It took Plaintiff on the average of 3 hours to complete these tasks. Defendant did not compensate Plaintiff and Defendant's California employees if these tasks were completed outside of his regular work hours. These excess hours were not recorded on our client's and Defendant's California employees wage statements. Plaintiff and Defendant's California employees should have been compensated for that time, but he was not in violation of Labor Code Sections 510, 1194, and 1194.2. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

///

///

4. Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

5. Plaintiff, on behalf of himself and all other California employees of Defendant claims that Defendant has failed to pay all overtime wages due to non-exempt employees. Defendant pays their employees bonuses and commissions which are not included in the employees regular rate of pay for the purposes of computing the proper overtime rate. As a result, employees are not properly compensated for work performed in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, and 1194.2.

6. Additionally, Labor Code Section 1194(a) states: "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. Plaintiff and Defendant's California employees claim that Defendant engaged in "time-shaving." This essentially means that the Defendant underpaid Plaintiff by rounding the time Plaintiff worked in violation of Labor Code Section 1194(a).

7. Defendants failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. Since the wage statements

provided to Plaintiff failed to accurately reflect the total number of Plaintiff's worked hours, due to the time-shaving. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

8. Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records and required by §1174(d). The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

9. Our client further alleges that Defendants paid him and Defendant's California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

10. Defendant pays Plaintiff and it's California employees on a bi-weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b) and 201.3.

11. Defendant also failed to reimburse Plaintiff and Defendant's California employees for their protective gear maintenance. Defendant failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

12. Plaintiff alleges that Defendant did not provide Plaintiff and Defendant's California employees with one day's rest in seven, in violation of California Labor Code § 551. Plaintiff was required to work 7 consecutive days without a day of rest. California Labor Code § 551 provides that "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

By failing to provide Plaintiff and Defendant's California employees with one day's rest in seven Defendant violated California Labor Code § 551.

13. Defendant has violated Labor Code § 212(a)(2) because they issued Plaintiff and Defendant's California employees wages with a gift card. Therefore, Plaintiff was not paid all wages due in violation of Labor Code § 212(a)(2). As a result, Defendant is liable for civil penalties pursuant to Labor Code § 212(a)(2). Defendant has violated Labor Code § 213 because it required Plaintiff and Defendant's California employees to receive wages through a gift card. Defendant only paid wages by gift card. As a result, Defendant is liable for civil penalties pursuant to Labor Code § 213.

14. Plaintiff alleges that Defendant did not provide Plaintiff and Defendant's California employees with a seat, in violation of California Labor Code § 1198 and Wage Order 7-2001, § 14. Plaintiff was required to stand for extended periods of time despite the fact that the nature of his work did not require that he remain standing at all times. California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable Wage Order. By failing to provide Plaintiff and Defendant's California employees with suitable seating in violation of § 14 of Wage Order 7-2001, Defendant violated California Labor Code § 1198.

15. Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

16. Plaintiff and all other aggrieved employees bring this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged above has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendant's California employees.

17. Plaintiff, on behalf of himself and all proposed Plaintiff Class members (specifically, the "California Class" as defined herein), brings this action pursuant to Labor Code §§ 226.7, 512, and 558, Labor §§ 510, 1194, 1194.2, Labor § 1194(a), Labor § 226(a)(e), 1174(d), Labor Code § 201-203, Labor Code § 204(a)(b), Labor § 2802, Labor § 551, Labor §§ 212(a)(2), 213, Labor § 1198, Labor § 210, 218, Business & Professions Code § 17200, et seq.

18. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendants operate within the State of California. The unlawful acts

alleged herein took place in Perris, California.

## II. PARTIES

### A. PLAINTIFF

19. Plaintiff Stefan Gadson-Rush is a resident of San Bernardino, California. At all times relevant herein, he was employed by Defendants in Riverside County, California. Plaintiff was employed by Defendants as a non-exempt, hourly employee in California, including in and around the city of Perris, County of Riverside. During Plaintiff's employment:

A. Plaintiff did not receive final wages upon termination.

B. Plaintiff and the Class were not paid in a timely manner pertaining to the waiting time penalties in accordance with Labor Code §§ 201-203.

C. Plaintiff was forced to receive inaccurately itemized and deficient wage statements, in violation of Labor Code § 226(a).

D. Plaintiff did not receive his compensation in accordance with Labor Code Section 204 in that Defendant failed to issues wages to its employees within seven (7) calendar days after the pay period ended.

E. Plaintiff was required to work without meal and rest periods, nor compensation in lieu thereof, as required by the Labor Code and relevant Wage Orders.

F. Plaintiff was required to work either in excess of eight hours per workday or in excess of forty hours per workweek without receiving compensation at a rate of one and one half the regular rate of pay.

G. Defendant also failed to reimburse Plaintiff and Defendant's California employees for reasonable and necessary expenses in the course of their job duties, in violation of Labor Code § 2802.

### B. DEFENDANTS

20. Defendant Zodiac Pool Systems LLC is doing business in Perris, California. It operates within the State of California. Defendants employed Plaintiff and similarly situated employees within California. The violations alleged herein arose in Perris, California.

21. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a

DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

22. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the proposed Class.

## <u>FACTUAL ALLEGATIONS</u>

23. Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and other California employees were further forced to keep their walkie-talkies on during their meal and rest breaks in case of emergencies or to address the needs of Defendants' personnel. Because of this, Plaintiff and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

24. Plaintiff and Defendant's California employees were required to work off the clock for Defendant. Defendant routinely made Plaintiff and its California employees undergo a COVID-19 screening process prior to the start of their scheduled shifts. When Plaintiff would arrive, he was not allowed to clock-in for the day until he passed a medical examination to screen Plaintiff for symptoms of COVID-19. The time spent undergoing the COVID-19 temperature checks and the time between completing the COVID-19 screening took Plaintiff on the average of 1 minute to complete. Moreover, Defendants routinely made Plaintiff and its California employees wait in line for the time clocks to become available to clock in. The time spent waiting in line took Plaintiff on the average of 1-2 minutes to complete. Plaintiff and Defendant's California employees were also required to use their personal cell phone for work-related activities while off the clock, such as texting/calling supervisor/boss, downloading apps such as ADP, without being compensated for it. It took Plaintiff on the average of 3 hours to complete these tasks. Defendant did not compensate Plaintiff and Defendant's California employees if these tasks were completed outside of his regular work hours.

These excess hours were not recorded on our client's and Defendant's California employees wage statements. Plaintiff and Defendant's California employees should have been compensated for that time, but he was not in violation of Labor Code Sections 510, 1194, and 1194.2. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

25. Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

26. Plaintiff, on behalf of himself and all other California employees of Defendant claims that Defendant has failed to pay all overtime wages due to non-exempt employees. Defendant pays their employees bonuses and commissions which are not included in the employees regular rate of pay for the purposes of computing the proper overtime rate. As a result, employees are not properly compensated for work performed in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, and 1194.2.

27. Additionally, Labor Code Section 1194(a) states: "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. Plaintiff and Defendant's California employees claim that Defendant engaged in "time-shaving." This essentially means that the Defendant underpaid Plaintiff by rounding the time Plaintiff worked in violation of Labor Code Section 1194(a).

///

28. Defendants failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. Since the wage statements provided to Plaintiff failed to accurately reflect the total number of Plaintiff's worked hours, due to the time-shaving. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

29. Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records and required by §1174(d). The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

30. Our client further alleges that Defendants paid him and Defendant's California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

31. Defendant pays Plaintiff and it's California employees on a bi-weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b) and 201.3.

32. Defendant also failed to reimburse Plaintiff and Defendant's California employees for their protective gear maintenance. Defendant failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the

employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

33. Plaintiff alleges that Defendant did not provide Plaintiff and Defendant's California employees with one day's rest in seven, in violation of California Labor Code § 551. Plaintiff was required to work 7 consecutive days without a day of rest. California Labor Code § 551 provides that "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." By failing to provide Plaintiff and Defendant's California employees with one day's rest in seven Defendant violated California Labor Code § 551.

34. Defendant has violated Labor Code § 212(a)(2) because they issued Plaintiff and Defendant's California employees wages with a gift card. Therefore, Plaintiff was not paid all wages due in violation of Labor Code § 212(a)(2). As a result, Defendant is liable for civil penalties pursuant to Labor Code § 212(a)(2). Defendant has violated Labor Code § 213 because it required Plaintiff and Defendant's California employees to receive wages through a gift card. Defendant only paid wages by gift card. As a result, Defendant is liable for civil penalties pursuant to Labor Code § 213.

35. Plaintiff alleges that Defendant did not provide Plaintiff and Defendant's California employees with a seat, in violation of California Labor Code § 1198 and Wage Order 7-2001, § 14. Plaintiff was required to stand for extended periods of time despite the fact that the nature of his work did not require that he remain standing at all times. California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable Wage Order. By failing to provide Plaintiff and Defendant's California employees with suitable seating in violation of § 14 of Wage Order 7-2001, Defendant violated California Labor Code § 1198.

36. Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

37. Plaintiff and all other aggrieved employees bring this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged above has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendant's California employees.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.

39. Plaintiff seeks to represent a class composed of and defined as follows:

**THE CALIFORNIA CLASS**

40. All current and former California employees of Defendants since the date four (4) year prior to the filing of this complaint.

41. Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

42. This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A. NUMEROSITY**

43. The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed Class is impracticable. While the precise number of proposed Plaintiff Class members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over seventy-five (75) Class members in the State of California.

44. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges that Defendants' employment records would provide information as to the number and location of all proposed Plaintiff Class members. Joinder of all members of the proposed Class is not practicable.

**B. COMMONALITY**

45. There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation, whether Defendants failed to provide members of the Class with wage statements that fully and accurately itemize the requirements set forth in Labor Code §226(a), accurate final wages, and final wages on the day of termination and or within seventy-two (72) hours of separation and whether the rest periods were timely made available.

C. **TYPICALITY**

46. The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

D. **ADEQUACY OF REPRESENTATION**

47. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

E. **SUPERIORITY OF CLASS ACTION**

48. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Plaintiff Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's failure to comply with Labor Code 226(a).

49. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

**(LABOR CODE §§ 226.7, 512 and 558)**

50. Plaintiff incorporates paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more meal periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512 and 558.

52. Plaintiff and Defendant's California employees were routinely unable, and not authorized to take an uninterrupted 30-minute meal break for every shift they worked. Specifically,

Plaintiff and other California employees were further forced to keep their walkie-talkies on during their meal breaks in case of emergencies or to address the needs of Defendants' personnel. Because of this, Plaintiff and Defendant's California employees were unable to take their required meal breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal break to Plaintiff and Defendant's California employees who were denied timely meal breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

53. Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all meal period compensations, which he was owed since he commenced to work for Defendant, according to proof.

54. Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

55. Wherefore, Plaintiff seeks to represent request relief as described below.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**

**(LABOR CODE §§ 226.7, 512 and 558)**

56. Plaintiff incorporates paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512 and 558.

58. Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest for every shift they worked. Specifically, Plaintiff and other California employees were further forced to keep their walkie-talkies on during their rest breaks in case of emergencies or to address the needs of Defendants' personnel. Because of this, Plaintiff and Defendant's California employees were unable to take their required rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed rest break to Plaintiff and Defendant's California employees who were denied timely rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

59. Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all rest period compensations, which he was owed since he commenced to work for Defendant, according to proof.

60. Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

61. Wherefore, Plaintiff seeks to represent request relief as described below.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES IN VIOLATION OF**

**(LABOR CODE §§ 510, 1194, 1194.2)**

62. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

63. During the liability period, Defendant failed to pay all wages to Plaintiff and Defendant's California employees.

64. Plaintiff and Defendant's California employees were required to work off the clock for Defendant. Defendant routinely made Plaintiff and its California employees undergo a COVID-19 screening process prior to the start of their scheduled shifts. When Plaintiff would arrive, he was not allowed to clock-in for the day until he passed a medical examination to screen Plaintiff for symptoms of COVID-19. The time spent undergoing the COVID-19 temperature checks and the time between completing the COVID-19 screening took Plaintiff on the average of 1 minute to complete. Moreover, Defendants routinely made Plaintiff and its California employees wait in line for the time clocks to become available to clock in. The time spent waiting in line took Plaintiff on the average of 1-2 minutes to complete. Plaintiff and Defendant's California employees were also required to use their personal cell phone for work-related activities while off the clock, such as texting/calling supervisor/boss, downloading apps such as ADP, without being compensated for it. It took Plaintiff on the average of 3 hours to complete these tasks. Defendant did not compensate Plaintiff and Defendant's California employees if these tasks were completed outside of his regular work hours. These excess hours were not recorded on our client's and Defendant's California employees wage statements. Plaintiff and Defendant's California employees should have been compensated for that time, but he was not in violation of Labor Code Sections 510, 1194, and 1194.2. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

65. Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in

excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

66. Plaintiff, on behalf of himself and all other California employees of Defendant claims that Defendant has failed to pay all overtime wages due to non-exempt employees. Defendant pays their employees bonuses and commissions which are not included in the employees regular rate of pay for the purposes of computing the proper overtime rate. As a result, employees are not properly compensated for work performed in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, and 1194.2.

67. Additionally, Labor Code Section 1194(a) states: "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. Plaintiff and Defendant's California employees claim that Defendant engaged in "time-shaving." This essentially means that the Defendant underpaid Plaintiff by rounding the time Plaintiff worked in violation of Labor Code Section 1194(a).

68. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

69. As a result of the unlawful acts of Defendants in willfully filing to pay all alleges, Plaintiff and Defendant's California employees have been deprived of wages in amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, plus interest thereon, attorneys' fees, and costs pursuant to Labor Code § 1194 and liquidated damages pursuant to Labor Code § 1194.2.

///

**FOURTH CAUSE OF ACTION**

**KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a),(e), 1174(d))**

70. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

71. Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees. In those wage statements, Defendants must accurately set forth, among other things, the total gross and net wages earned, and all hourly rates in effect, for Plaintiff. Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

72. Defendants failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

73. Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records ad required by §1174(d). The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

74. The wage statements provided to Plaintiff and members of the Class fail to accurately itemize in wage statements total gross and net wages earned, and all hourly rates in effect for Plaintiff. Defendants' violations of Labor Code § 226(a) are knowing and intentional, and Plaintiff has suffered injury as a result of the receipt of defective wage statements, thereby entitling them to penalties pursuant to Labor Code § 226(e).

///

///

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES DUE AT THE TIME OF DISCHARGE IN VIOLATION OF LABOR CODE §§ 201-202, RESULTING IN SECTION 203 WAGES AND PENALTIES (WAITING TIME PENALTIES)**

75. Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

76. At all times material herein, the California Labor Code Sections 201, 202, and 203 were in effect and binding on Defendant.

77. California Labor Code § 202 requires employers to pay employees all wages due within seventy-two (72) hours of resignation. California Labor Code § 201 states in pertinent part that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

78. Plaintiff was entitled to compensation for unpaid wages, but to date has not received such compensation. Specifically, Defendant failed to pay Plaintiff all wages due to Plaintiff at the time of his separation of employment from Defendant's. Thus, since Defendant failed to promptly pay Plaintiff all wages due to Plaintiff at the time of his separation of employment, Defendant violated Section 201 of the Labor Code and Plaintiff is therefore entitled to wages and penalties pursuant to Labor Code Section 203.

79. More than 30 days have passed since Plaintiff's employment ended with Defendant.

80. As a consequence of Defendant's willful conduct in not paying wages owed to Plaintiff, Plaintiff is entitled to 30 days of wages as a penalty pursuant to Labor Code § 203 for Defendant's failure to timely pay legal wages, together with attorney's fees and cost of suit, and interest pursuant to California Labor Code Section 218.5.

///

///

///

///

**SIXTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE § 204(a)(b)**

81. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

82. At all times relevant herein, Labor Code § 204 was in full force and effect and binding on Defendants.

83. Wages must be paid according to a regularly set schedule. (Labor Code § 204). All earned wages must be paid at least twice a month, on days designated in advance by the employer. Work performed between the 1st and the 15th days, inclusive, of any calendar month must be paid between the 16th and 26th day of the same month. Work performed between the 16th and the last day of the month must be paid between the 1st and 10th day of the following month. (Labor Code § 204). Weekly or bi-weekly (every two weeks) payroll must be paid within seven (7) days of the end of the pay period in which the wages were earned (Labor Code §§ 204(a), 204(b)).

84. Defendants pay Plaintiff and its California employees on a bi-weekly basis and have failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b).

85. Defendants have failed to comply with the above-section because they waited longer than seven days from the close of the pay period to pay its bi-weekly paid employees.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF CALIFORNIA LABOR CODE § 2802**

86. Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

87. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

88. Defendant also failed to reimburse Plaintiff and Defendant's California employees for their protective gear maintenance. Defendant failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n

employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

89. Plaintiff is entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and cost, under Labor Code § 2802.

90. Plaintiff also requests relief as described below.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ONE DAY'S REST THEREFROM SEVEN IN VIOLATION OF LABOR CODE § 551**

91. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

92. At times relevant to this Complaint, Plaintiff and Defendant's California employees were non-exempt employees of Defendants, covered by California Labor Code section 551.

93. California Labor Code section 551 states in relevant part

> "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

94. Plaintiff alleges that Defendants did not provide Plaintiff and Defendant's California employees with one day's rest in seven, in violation of California Labor Code § 551. Plaintiff was required to work 7 consecutive days without a day of rest. California Labor Code § 551 provides that "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." By failing to provide Plaintiff and Defendant's California employees with one day's rest in seven Defendant violated California Labor Code § 551.

95. Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

**NINTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 212(a)(2), 213**

96. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

97. Section 212(a)(2) of the California Labor Code requires that any scrip, coupon, cards,

or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

98. Defendants has violated Labor Code § 212(a)(2) because they issued Plaintiff and Defendant's California employees wages with a gift card. Therefore, Plaintiff was not paid all wages due in violation of Labor Code § 212(a)(2). As a result, Defendants are liable for civil penalties pursuant to Labor Code § 212(a)(2).

99. Defendant has violated Labor Code § 213 because it required Plaintiff to receive wages through a gift card. Defendant only paid wages by gift card. As a result, Defendant is liable for civil penalties pursuant to Labor Code § 213.

100. Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

## TENTH CAUSE OF ACTION

## FAILURE TO PROVIDE SUITABLE SEATING IN VIOLATION OF LABOR CODE § 1198 AND § 14(a) OF WAGE ORDER 7-2001

101. Plaintiffs incorporate and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

102. California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable Wage Order. By failing to provide Plaintiffs with suitable seating in violation of § 14 of Wage Order 7-2001, Defendant violated California Labor Code § 1198.

103. Plaintiffs were required to stand for extended periods of time despite the fact that the nature of their work did not require that they remain standing at all times. Plaintiffs were employed by Defendant and was not provided with a seat, in violation of California Labor Code § 1198 and Wage Order 7-2001, § 14.

104. Plaintiffs were harmed by Defendant's failure to provide him with suitable seating because he was required to stand for extended periods of time despite the fact that the nature of his work did not require that he remain standing at all times.

105. Wherefore, Plaintiffs requests relief as described below.

///

///

///

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO PAY FOR ALL HOURS WORKED, INCLUDING OVERTIME HOURS WORKED IN VIOLATION OF (LABOR CODES §§ 210, 218)**

106. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

107. Section 2(K) or Wage Order 5 defines "hours worked" as "the rime during which an employee is subject to the control of an employer, and including all the time the employee is suffered or permitted to work, whether or not required to do so." Labor Code §§ 1194 and 1197 required employers to compensate Plaintiff for all hours worked at least at a minimum wage ad established by the Wage Order. Defendants did not pay for all hours worked and frequently required Plaintiff to work off the clock. Defendants have been engaged in many unlawful employment practices which resulted in underpayment for hours worked each pay period as more set forth below:

108. Failure to Pay All Wages Owed Twice Per Month. Defendants were required to pay Plaintiff all wages earned twice during each calendar month pursuant to Labor Code § 204(a). Defendants failed to pay all wages earned to Plaintiff as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff was underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

**TWELVETH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200**

109. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

110. This is an Action for Unfair Business Practices. Plaintiff Stefan Gadson-Rush brings this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendant's California employees as a result of Defendant's failure to comply with the labor code sections as set out above. Plaintiff and Defendant's California employees seek to enforce important rights affecting the public interest within the meaning of *Code of Civil Procedure* § 1021.5.

111. Plaintiff is a “person” within the meaning of *Business & Professions Code* § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

112. *Business & Profession Code* § 17200 *et. seq*. prohibits unlawful and unfair business practices.

113. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair business practices in violation of *Business & Professions Code* § 17200, *et seq*., depriving Plaintiff, of rights, benefits, and privileges guaranteed to Plaintiff under law.

114. Defendants’ conduct, as alleged herein, constitutes unfair competition in violation of § 17200 *et. seq.* of the *Business & Professions Code*.

115. As a proximate result of the above mentioned acts of Defendants, Plaintiff has been damaged in a sum as may be proven.

116. Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to *Business & Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents, or Plaintiff, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff to the money Defendants have unlawfully failed to pay.

## THIRTEENTH CAUSE OF ACTION

**PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 226.7, 512, 558, 510, 1194, 1194.2, 1194(a), 226(a), (e), 1174(d), 201-203, 204(a)(b), 2802, 551, 212(a)(2), 213, 1198, 210, 218**

117. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

118. As a result of the acts alleged herein, Plaintiff seeks penalties under Labor Code § 2698 *et seq.* because of Defendants’ violations of Labor Code §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 201-203, 204(a)(b), 1174(d), 2802, 551, 212(a)(2), 213, 1198, 210, 218.

119. For each such violation, Plaintiff and all aggrieved employees are entitled to penalties

in an amount to be shown at the time of trial subject to the following formula:

a. With respect to the violation of Labor Code § 2699(f) for violations of Labor Code §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 1174(d), 201-203, 204(a)(b), 2802, 551, 212(a)(2), 213, 1198, 210, 218, $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period.

120. These penalties will be allocated 75% to the Labor Workforce Development Agency, and 25% to the affected employees.

121. On January 12, 2026, Plaintiff sent a letter, by certified mail, return receipt requested, to the LWDA and Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 *et seq.* **(Exhibit "A")**. Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within sixty-five (65) calendar days of January 12, 2026. Plaintiff may therefore commence this action to seek penalties pursuant to Labor Code § 2698 *et seq.*

122. Wherefore, Plaintiff and the aggrieved employees he seeks to represent request relief as described herein.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. That Defendants are found to have violated the requirements of Labor Code § 203 for failure to timely pay wages due at termination.

3. That Defendants are found to have violated the requirements of Labor Code § 226(e) for failure to comply with itemized employee wage statement provisions.

4. That Defendants are found to have violated the requirements of Labor Code § 1174(d) for failure to comply with itemized employee wage statement provisions.

5. That Defendants are found to have violated the requirements of Labor Code § 226.7 for failure to provide meal and rest periods or compensation in lieu thereof.

6. That Defendants are found to have violated the requirements of Labor Code § 510 for failure to pay all wages.

7. That Defendants are found to have violated the requirements of Labor Code § 1194.2 for failure to pay all wages.

8. That Defendants are found to have violated the requirements of Labor Code § 204(b) for failure to timely pay employees.

9. That Defendants are found to have violated the requirements of Labor Code § 551.

10. That Defendants are found to have violated the requirements of Labor Code § 2802 for failure to reimburse for business expenses.

11. That Defendants are found to have violated the requirements of Labor Code § 212(a)(2).

12. That Defendants are found to have violated the requirements of Labor Code § 1198.

13. That Defendants are found to have violated the requirements of Labor Code § 213.

14. That Defendants are found to have violated the requirements of Labor Code § 210 for failure to pay all hours worked, including overtime hours worked.

15. That Defendants are found to have violated the requirements of Business and Professions Code § 17200 et seq.;

16. For penalties and other relief pursuant to Labor Code § 2698 et seq. for Plaintiff and all other aggrieved employees;

17. An award providing for payment of costs of suit pursuant to Labor Code § 2699(g)(1);

18. An award of attorneys' fees pursuant to Labor Code § 2699(g)(1);

19. An award of prejudgment and post-judgment interest;

20. An award providing for payment of costs of suit;

21. An award of attorneys' fees; and

22. Such other and further relief as this Court may deem just and proper.

///

///

///

///

///

///

///

Dated: March 19, 2026

OTKUPMAN LAW FIRM,
A Law Corporation

By: ______________________________
ROMAN OTKUPMAN
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: March 19, 2026

OTKUPMAN LAW FIRM,
A Law Corporation

By: ______________________________
ROMAN OTKUPMAN
Attorneys for Plaintiff

# EXHIBIT "A"

**OTKUPMAN LAW FIRM, A LAW CORPORATION**
**5743 Corsa Ave, Suite 123**
**Westlake Village, CA 91362**
**Tel.: 818-293-5623**
**Fax: 888-850-1310**

January 12, 2026

**VIA ELECTRONIC FILING**
Labor & Workforce Development Agency

**VIA CERTIFIED MAIL**
Zodiac Pool Systems LLC
2882 Whiptail Loop #100
Carlsbad, CA 92010
Defendant certified mail # 7022 1670 0001 8569 7928

**VIA CERTIFIED MAIL**
Agent for Service of Process
CSC – Lawyers Incoporating Service
Koy Saechao
2710 Gateway Oaks Drive
Sacramento, CA 95833
Agent certified mail # 7022 1670 0001 8569 7935

**VIA CERTIFIED MAIL**
Zodiac Pool Solutions North America
2882 Whiptail Loop #100
Carlsbad, CA 92010
Defendant certified mail # 7022 1670 0001 8569 7928

**VIA CERTIFIED MAIL**
Zodiac
2882 Whiptail Loop #100
Carlsbad, CA 92010
Defendant certified mail # 7022 1670 0001 8569 7928

**VIA CERTIFIED MAIL**
Fluidra USA LLC
2882 Whiptail Loop #100
Carlsbad, CA 92010
Defendant certified mail # 7022 1670 0001 8569 7928

**<u>VIA CERTIFIED MAIL</u>**
Zodiac Pool Systems
19319 Harvill Ave
Perris, CA 92570
Defendant certified mail # 7022 1670 0001 8569 7942

Re: ***Stefan Gadson-Rush v. Zodiac Pool Systems LLC, Zodiac Pool Solutions North America, Zodiac, Fluidra USA LLC, Zodiac Pool Systems – Compliance Letter of California Labor Code § 2698 – Private Attorneys General Act***

Dear Sir or Madam:

This office represents Stefan Gadson-Rush ("Plaintiff"), a former California employee of Zodiac Pool Systems LLC, Zodiac Pool Solutions North America, Zodiac, Fluidra USA LLC, Zodiac Pool Systems ("Defendants"). The purpose of this letter is to comply with the Private Attorneys General Act of 2004, pursuant to California Labor Code § 2698 *et seq.*

Our client works for Defendant in Southern California. Herein we set forth the facts and theories of California Labor Code violations which we allege Defendant engaged in with respect to our client and other of its California non-exempt employees.

Plaintiff began working for Defendants on or about November 30, 2020. While working for Defendant as a Material Handler, Plaintiff was earning ($20.93) dollars per hour.

Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and other California employees were further forced to keep their walkie-talkies on during their meal and rest breaks in case of emergencies or to address the needs of Defendants' personnel. Because of this, Plaintiff and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

Plaintiff and Defendant's California employees were required to work off the clock for Defendant. Defendant routinely made Plaintiff and its California employees undergo a COVID-19 screening process prior to the start of their scheduled shifts. When Plaintiff would arrive, he was not allowed to clock-in for the day until he passed a medical examination to screen Plaintiff for symptoms of COVID-19. The time spent undergoing the COVID-19 temperature checks and the time between completing the COVID-19 screening took Plaintiff on the average of 1 minute to complete. Moreover, Defendants routinely made Plaintiff and its California employees wait in line for the time clocks to become available to clock in. The time spent waiting in line took Plaintiff on the average of 1-2 minutes to complete. Plaintiff and Defendant's California

employees were also required to use their personal cell phone for work-related activities while off the clock, such as texting/calling supervisor/boss, downloading apps such as ADP, without being compensated for it. It took Plaintiff on the average of 3 hours to complete these tasks. Defendant did not compensate Plaintiff and Defendant's California employees if these tasks were completed outside of his regular work hours. These excess hours were not recorded on our client's and Defendant's California employees wage statements. Plaintiff and Defendant's California employees should have been compensated for that time, but he was not in violation of Labor Code Sections 510, 1194, and 1194.2. As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

Plaintiff, on behalf of himself and all other California employees of Defendant claims that Defendant has failed to pay all overtime wages due to non-exempt employees. Defendant pays their employees bonuses and commissions which are not included in the employees regular rate of pay for the purposes of computing the proper overtime rate. As a result, employees are not properly compensated for work performed in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, and 1194.2.

Additionally, Labor Code Section 1194(a) states: "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. Plaintiff and Defendant's California employees claim that Defendant engaged in "time-shaving." This essentially means that the Defendant underpaid Plaintiff by rounding the time Plaintiff worked in violation of Labor Code Section 1194(a).

Defendants failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5), and all

applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. Since the wage statements provided to Plaintiff failed to accurately reflect the total number of Plaintiff's worked hours, due to the time-shaving. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records and required by §1174(d). The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

Our client further alleges that Defendants paid him and Defendant's California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

Defendant pays Plaintiff and it's California employees on a bi-weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b) and 201.3.

Defendant also failed to reimburse Plaintiff and Defendant's California employees for their protective gear maintenance. Defendant failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

Plaintiff alleges that Defendant did not provide Plaintiff and Defendant's California employees with one day's rest in seven, in violation of California Labor Code § 551. Plaintiff was required to work 7 consecutive days without a day of rest. California Labor Code § 551 provides that "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." By failing to provide Plaintiff and Defendant's California employees with one day's rest in seven Defendant violated California Labor Code § 551.

Defendant has violated Labor Code § 212(a)(2) because they issued Plaintiff and Defendant's California employees wages with a gift card. Therefore, Plaintiff was not paid all wages due in violation of Labor Code § 212(a)(2). As a result, Defendant is liable for civil penalties pursuant to Labor Code § 212(a)(2). Defendant has violated Labor Code § 213 because it required Plaintiff and Defendant's California employees to receive wages through a gift card. Defendant only paid wages by gift card. As a result, Defendant is liable for civil penalties pursuant to Labor Code § 213.

Plaintiff alleges that Defendant did not provide Plaintiff and Defendant's California employees with a seat, in violation of California Labor Code § 1198 and Wage Order 7-2001, § 14. Plaintiff was required to stand for extended periods of time despite the fact that the nature of his work did not require that he remain standing at all times. California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable Wage Order. By failing to provide Plaintiff and Defendant's California employees with suitable seating in violation of § 14 of Wage Order 7-2001, Defendant violated California Labor Code § 1198.

Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

We invite Defendants or its attorney(s) to contact our office to discuss this matter, including whether an early resolution of the claims can be reached.

Our office awaits your response.

Very truly yours,

OTKUPMAN LAW FIRM

ROMAN OTKUPMAN